UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES WILLIAMS,

                Plaintiff,

    v.

KAREN PORTINE, *et al.*,

                Defendants.

Case No. C11-1214-JCC-JPD

REPORT AND RECOMMENDATION

## INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff James Williams has filed a civil rights action under 42 U.S.C. § 1983 seeking injunctive relief for an alleged violation of his right to be free from cruel and unusual punishment. More specifically, plaintiff complains that he has been confined in the intensive management unit for over two years and he seeks an injunction ordering Karen Portine, the Associate Superintendant of the Special Offenders Unit at the Monroe Correctional Complex, and the Department of Corrections, to release him back into general population. Plaintiff identifies Ms. Portine and the Department of Corrections as the only defendants in this action.

REPORT AND RECOMMENDATION - 1

This matter is now before the Court on defendants' motion to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. Plaintiff has not filed any response to the motion to dismiss. For the reasons set forth below, this Court recommends that defendants' motion to dismiss be granted and that plaintiff's complaint, and this action, be dismissed without prejudice. This Court further recommends that defendants' motion to stay discovery pending resolution of the instant motion to dismiss be stricken as moot.

## DISCUSSION

An action may be dismissed for failure to state a claim only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). On a motion to dismiss, material allegations of the complaint are taken as admitted and the complaint is to be liberally construed in favor of the plaintiff. *Keniston*, 717 F.2d at 1300. Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992)(quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

The law is clear that in order to set forth a *prima facie* case under § 1983, a plaintiff must allege facts showing how each individually named defendant caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). The causation requirement of § 1983 is satisfied only if a plaintiff demonstrates that a defendant

REPORT AND RECOMMENDATION - 2

did an affirmative act, participated in another's affirmative act, or omitted to perform an act which he was legally required to do that caused the deprivation complained of. *Id*. (quoting *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978)).

A defendant cannot be held liable solely on the basis of supervisory responsibility or position. *Monell v. Department of Social Servs., of City of New York*, 436 U.S. 658, 691-694 (1978). Rather, a plaintiff must allege that a defendant's own conduct violated the plaintiff's civil rights. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385-90 (1989).

Plaintiff fails to allege in his complaint any specific facts demonstrating that the two defendants named in this action caused him harm of constitutional dimension. Plaintiff asserts that he has spent a considerable amount of time in the intensive management unit over the past 16 years because of abuse by prison staff, and that the Department of Corrections is currently forcing him to live in the intensive management unit. However, these assertions are simply too vague to withstand the pending motion to dismiss. Because plaintiff has not alleged specific facts demonstrating that any individual or entity caused the constitutional deprivation complained of, he has failed to adequately state a cause of action under § 1983.

## CONCLUSION

For the foregoing reasons, this Court recommends that defendants' motion to dismiss be granted and that plaintiff's complaint, and this action, be dismissed without prejudice. This Court further recommends that defendants' pending motion to stay discovery be stricken as moot. A proposed order accompanies this Report and Recommendation.

DATED this 6th day of January, 2012.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3